IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHARYLL PRIMUS, | ) CASE NO. 5:17-CV-2434 |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| v. | ) MAGISTRATE JUDGE |
| | ) WILLIAM H. BAUGHMAN, JR. |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) **REPORT & RECOMMENDATION** |
| Defendants. | ) |

## Introduction

Before me by referral[1] is a *pro se* action by Sharyll Primus against the United States Department of Housing and Urban Development ("HUD"), *et al.*, purporting to appeal from an order entered against Primus by the Portage Metropolitan Housing Authority ("PMHA") that removed her from the Section 8 housing assistance program.[2] HUD seeks to dismiss the complaint for lack of subject matter jurisdiction.[3] Alternatively, HUD maintains that the complaint should be dismissed for failing to state a claim upon which relief may be granted.[4] Primus opposes the motion.[5]

---

[1] ECF No. 3.

[2] ECF No. 1.

[3] ECF No. 7, Attachment 1 at 1-3.

[4] *Id.* at 4-7.

[5] ECF No. 26.

## Analysis

**A. Applicable standards**

In addressing a motion pursuant to Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction based on the factual claims of the pleading, the reviewing court need not presume the truthfulness of the allegations, but is free to examine the evidence so as to satisfy itself as to whether it has the authority to hear the case.[6] In this context, the court has wide discretion to consider evidence beyond the pleadings to determine if subject matter jurisdiction exists.[7]

When subject matter jurisdiction is challenged, the plaintiff has the burden of establishing that jurisdiction in order to defeat the motion.[8] Here, that means that Primus must show that "a statutory grant of jurisdiction exists, and that the government has expressly and unequivocally waived its immunity with regard to the type of claim [she] wishes to raise."[9] Moreover, "[w]ithout setting forth any statutory basis for [her] claim, Plaintiff cannot bear the burden of identifying any Congressional waiver in the statute of sovereign immunity."[10]

---

[6]*United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994).

[7]*RMI Titanium v. Westinghouse Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

[8]*Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir. 1993).

[9]*Wells Fargo Bank, N.A. v. Favino*, No. 1:10 CV 571, 2011 WL 1256771, at *3 (N.D. Ohio March 31, 2011) (citing *Leisitko v. Secretary of the Army*, 922 F. Supp. 66, 70 (N.D. Ohio 1996).

[10]*Freeman v. Sullivan*, 954 F. Supp. 2d 730, 753 (W.D. Tenn. 2013).

**B.     Recommendation**

Although Primus is here proceeding *pro se*, and so is entitled to have the language of her complaint "liberally construed,"[11] the "lenient treatment generally accorded to *pro se* litigants has limits."[12]  In that regard, district courts "have no obligation to act as counsel or paralegal to *pro se* litigants."[13]  As the Sixth Circuit has stated, district courts are not "required to create" a *pro se* litigant's claim for her.[14]

Here, the complaint essentially sets forth a series of steps taken by PMHA, which followed a hearing conducted by that agency that resulted in Primus losing her Section 8 voucher.  As HUD noted, public housing agencies such as PMHA do receive funds from HUD for the Section 8 program, but the local public housing agencies develop their own policies for participation in that program.[15]  The decision to terminate Primus's Section 8 voucher was made by PMHA and not HUD, as evidenced by the letter to Primus from PMHA attached to the complaint.[16]

The complaint here does not identify any legal basis for proceeding against HUD in this matter arising out of a decision by PMHA.  Moreover, the complaint does not show that

---

[11]*Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

[12]*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted).

[13]*Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[14]*Payne v. Sec. of the Treasury*, 73 Fed. App'x 836, 837 (6th Cir. 2003).

[15]*See* 24 C.F.R. § 982.202.

[16]ECF No. 1, Attachment 1 at 7-8.

any specific waiver of sovereign immunity exists that would apply in this case. Consequently, the complaint should be dismissed for lack of subject matter jurisdiction.

Dated: August 2, 2018                          s/ William H. Baughman, Jr.
                                                           United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[17]

---

[17]*See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).